UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEARNEY SONIAT LOUGHLIN,** *et al*                          **CIVIL ACTION**

**VERSUS**                                                                              **NO. 06-2339**

**USAA CASUALTY INSURANCE**                              **SECTION "K**
**COMPANY,** *et al*

## ORDER & REASONS

Before the Court is a Motion to Review Magistrate's Order (Doc. 43) filed by plaintiffs, Kearney Soniat Loughlin and Terri B. Loughlin, individually and on behalf of their minor child, Sidney Soniat Loughlin. Plaintiffs had moved the court to review the July 13, 2007 order of the Honorable Alma Chasez denying plaintiffs' Motion for Leave of Court to File a Supplemental and Amending Complaint. For the reasons set forth below, the Motion to Review Magistrate's Order is **DENIED.**

### Standard of Review

Under 28 U.S.C. § 636(b)(1)(A), where a magistrate judge has ruled upon a preliminary matter such as the one before the Court, "[a] judge of the court may reconsider any pretrial matter under this subparagraph A where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id.* Fed.R.Civ.P. 72(a). The clearly erroneous standard standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and

> firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Seitel Geophysical, Inc. v. Greenhill Petroleum Corp.,* 1996 WL 11779 (E.D.La. Jan. 11 1996.

*Moody v. Callon Petroleum Operating Co.*, 37 f. Supp. 2d 805, 807 (E.D.La. 1999).

## Analysis

In denying the proposed amendment, the Magistrate Judge stated:

> "Should plaintiff wish to rework his allegations to address only those persons or entities who are current parties, he may move for reconsideration of of this order.  Currently, however, the motion to file supplemental and amending complaint is denied."

(Doc. 42).

The Court has reviewed plaintiffs' Proposed Supplemental and Amending Complaint. In the Proposed Amended Complaint, plaintiffs refer to a homeowners' policy issued by United Services Automobile Association and a renter's protection policy issued by defendant U.S.A.A. Casualty Insurance Company and refers to both insurers collectively, "U.S.A.A." This collective reference to both insurance companies seems to be the genesis of the confusion inherent in the Proposed Amended Complaint and one of the reasons why the Magistrate Judge denied leave to amend.

Plaintiffs argue that it is not their intention to name the homeowners' insurer as a defendant.  However, in the amended complaint, Brooks, the homeowners' insurer ("U.S.A.A.") and the renter's protection insurer ("U.S.A.A.-CIC") are referred to as a single entity.  Therefore, in Section V of the amendment, it is not clear whether Chuck Collins, an adjuster, is allegedly employed by U.S.A.A., or U.S.A.A.-CIC, or both.

In paragraph 25(a) under Section V, plaintiffs allege that U.S.A.A. is vicariously liable for the acts and omissions of Mr. Collins. Again, it is not clear to which insurer plaintiffs are referring or if they intends to refer to both insurers. Moreover, thoughout the Proposed Amended Complaint, U.S.A.A. is mentioned, rather than U.S.A.A.- CIC, the named defendant.

Therefore, because of the inartful nature of the pleading, it is confusing and seems to interject another defendant even though this is disclaimed by the plaintiffs in their memorandum. However, notwithstanding this disclaimer, the complaint is nonetheless unclear.

In essence, the Magistrate Judge denied leave to amend because the complaint on its face does not sufficiently differentiate between the homeowners' insurer and their renter's insurer, i.e., U.S.A.A. and U.S.A.A.-CIC. Therefore, the Magistrate Judge is not clearly erroneous and this court must affirm her decision. If the plaintiffs wish to amend their complaint, they should take the Magistrate's suggestion by reconstituting the Amending Complaint so that it is clear that U.S.A.A. is not implicated as a defendant and that the specific acts of U.S.A.A.-CIC are sufficiently delineated so as to be discrete from the acts and obligations of U.S.A.A. Accordingly,

**IT IS ORDERED** that the Motion for Leave to Amend (Doc. 43) is **DENIED**.

New Orleans, Louisiana, this __2nd__ day of August, 2007.

_____
STANWOOD R. DUVAL, JR.