UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEARNEY SONIAT LOUGHLIN                               CIVIL ACTION
AND TERRI B. LOUGHLIN,
INDIVIDUALLY AND ON BEHALF OF THEIR
MINOR CHILD SIDNEY SONIAT LOUGHLIN

VERSUS                                                NO. 06-2339

USAA CASUALTY INSURANCE COMPANY,                      SECTION "K"(5)
DON PISONI, CHUCK COLLINS, AND
CHRISTOPHER SCHWARTZ

## ORDER AND OPINION

Before the Court is the "Motion to Alter or Amend Judgment Under Rule 59(e) Or From Relief From Judgment Or Order Under Rule 60(b)(6)" filed on behalf of plaintiffs Kearney Soniat Loughlin and Terri B. Loughlin, individually and on behalf of their minor child, Sidney Soniat Loughlin (Doc. 64). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion.

Contrary to plaintiffs' contention, the Court did not premise its decision to dismiss plaintiffs' delictual fraud/intentional misrepresentation claim against Chuck Collins on plaintiffs' failure to produce direct evidence of Mr. Collins's intent to deceive. Moreover, plaintiffs have not offered circumstantial evidence creating a genuine issue of material fact on the issue of intent to deceive.

It is undisputed that Chuck Collins did not disclose Christian Larson's diagram of the roof to either plaintiffs or to USAA, that Mr. Collins did not include in the roof diagram submitted to USAA the flat roof portions of the roof, that he did not submit all of the photographs taken of the property to USAA, and that he did not submit to USAA Christian Larson's estimate to replace the

roof. Plaintiffs contend that the above cited failures are circumstantial evidence of Mr. Collins's intent to deceive because the contract between USAA and Allcat Claims Service ("Allcat") provides that USAA contract adjusters must submit to USAA photographs of all covered damage or lack of damage, photos of the entire affected area, including denied losses, and photos of each slope of the roof as well as any documentation/correspondence received on a loss from any party other than USAA within two business days after initial notice of the documentation or correspondence. The USAA/Allcat contract, to which Mr. Collins was not a party, provides in pertinent part:

> 4. <u>File Documentation and Quality Requirements</u>
> Adjusters assigned by PROVIDER will:
> 4.1 Submit property claims files to USAA designated representative(s) upon completion. Adjusters will not hold completed files. *If requested*, maintain the following documentation in each PROVIDER claim file:
>
> . . .
>
>  4.1.2 Diagrams . . .
>
> . . .
>
>  4.1.5 Photos/all elevations of the risk and a sufficient number to document covered damages or lack of damage (See Section 11).
>
> . . .
>
> 11. Photos
>  11.1 *If instructed by USAA*, the PROVIDER will:
> . . .
>
>   11.1.2.5 Photos are required on denied or non-appraisal losses.
>
> . . .
>
>  11.1.3 Roof losses
>   11.1.3.1 Photos are required for each slope of the roof.
>
> . . .

> 28. Other
>
> . . .
>
> 28.7 PROVIDER is to advise USAA of, and forward any documentation/ correspondence received from a *party* other than USAA within two business days from Provider's initial notice.

Doc. 16-3, pgs. 62, 64, 65 (emphasis added).

Plaintiffs did not offer evidence that USAA requested that Chuck Collins provide it with all diagrams or photographs of the property. Nor have plaintiffs offered evidence that the photographs taken during CMR's inspection of the roof or Mr. Larson's diagram and estimate constitute "any documentation/correspondence received from a party" which an adjuster would have been required to forward to USAA." Additionally, in reference to estimates, the contract specifically states that "[a]ny assignment requiring a dwelling/other structure estimate, will be written solely by the PROVIDER. PROVIDER *may* include sub-bids in their estimates." Doc. 16-3, p. 63.

Considering the provisions of the contract between USAA and Allcat and plaintiffs' failure to produce evidence that USAA requested that Chuck Collins submit all photographs taken of the roof as well as all diagrams and estimates prepared by contractors such as Mr. Larson, the Court concludes that there is no genuine issue of material fact concerning Mr. Collins' intent to deceive. Accordingly, the motion is denied.

New Orleans, Louisiana, this 24th day of March, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE