UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEARNEY SONIAT LOUGHLIN<br>AND TERRI B. LOUGHLIN,<br>INDIVIDUALLY AND ON BEHALF OF THEIR<br>MINOR CHILD SIDNEY SONIAT LOUGHLIN | CIVIL ACTION |
| VERSUS | NO. 06-2339 |
| USAA CASUALTY INSURANCE COMPANY,<br>DON PISONI, CHUCK COLLINS, AND<br>CHRISTOPHER SCHWARTZ | SECTION "K"(5) |

**ORDER AND OPINION**

Before the Court is the motion in limine filed on behalf of plaintiffs Kearney Soniat Loughlin and Terri B. Loughlin, individually and on behalf of their minor child, Sidney Soniat Loughlin (Doc. 63). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

In general, plaintiffs' motion seeks to exclude certain documentary evidence as well as testimony which plaintiffs anticipate defendant USAA Casualty Insurance Company ("USAA-CIC") will offer at trial. Additionally, plaintiffs' motion seeks an order invoking an adverse presumption against defendant for allegedly spoilating evidence as well as a jury instruction addressing spoilation of evidence. The Court will address each contested category of evidence separately.

      a) Instructions Concerning Adverse Presumption and Spoilation of Evidence

Plaintiffs contends that there is an issue concerning the "truth and accuracy" of the "Activity Log" created by Christopher Schwartz, a USAA adjuster, on his USAA-issued computer. Plaintiffs urge that the log was not, as represented, created contemporaneously as Mr. Schwartz handled

plaintiffs' claims and that access to the computer and its hard drive would confirm that the "Activity Log" contains incorrect dates.  Plaintiffs also assert that despite their state and  federal court Requests for Production asking that defendant produce the computer used by Christopher Schwartz to create his "Activity Log" and defense counsel's agreement during Mr. Schwartz's deposition to maintain without erasure or alteration the hard drive and files of that computer and to provide Kearney Loughlin with access to that computer if it could be located, that defendant erased or destroyed the computer before Kearney Loughlin had the opportunity to examine the computer and its hard drive.   Because the computer is no longer available for inspection, plaintiffs contend that they are entitled to have the jury instructed concerning spoilation of evidence and the adverse presumption that may be invoked against a spoliator.  Defendant acknowledges that the computer is no longer available.  However, it contends that although it offered Mr. Loughlin access to the computer he never took advantage of that opportunity.

As noted previously, plaintiffs contend that access to the computer's hard drive was necessary because the dates in Mr. Schwartz's activity log were not correct.  Christopher Schwartz admitted in his deposition that his date entries were not accurate. At this time there is insufficient evidence and context for for the Court to resolve this issue.  The Court is uncertain as to what portions of the "Activity Log" are inaccurate and is also uncertain as to the relevance of the dates from the "Activity Log."  Therefore, the Court defers ruling on the issue of whether the jury should be charged concerning spoilation and its adverse presumption until trial.

b) Expert Testimony

Plaintiffs seek an order prohibiting any USAA-CIC from offering expert testimony because it has not provided plaintiffs with a written expert report from any witness.  USAA-CIC concedes

that its Witness List does not include any "experts", but urges that its adjusters should be permitted to testify regarding "the quality of the plaintiffs' proof of loss." Doc. 70, p. 6. Defendant's adjusters will be permitted to testify concerning facts of the claim and their adjusting process, but will, because they did not submit written expert reports not be permitted to offer opinions regarding scientific or technical matters.

### c). March 3, 2008 Letter

On March 3, 2008, defense counsel wrote Kearney Loughlin a letter stating that USAA-CIC was "willing to settle the case upon your paying USAA-CIC $4,500.00 . . .." Doc. 63-6. Plaintiffs seek an order that the March 3, 2008 letter is admissible as proof that USAA-CIC breached its duty under La. Rev. Stat. 22:658(A)(4) to make a written offer to settle a property damage claim within thirty days after receiving satisfactory proof of loss. The motion is denied. The March 3, 2008 letter does not constitute an offer to settle within the meaning in of §658(A)(4).

### d) Proof of Loss

Plaintiffs seek to exclude USAA-CIC from introducing any evidence that plaintiffs have not made a satisfactory proof of loss as to their claim. Specifically plaintiffs seek to exclude any evidence or testimony that plaintiff failed to file a proof of loss form. USAA-CIC concedes that it never requested that plaintiffs complete a proof of loss form. Plaintiffs's motion is granted to the extent evidence will not be excluded as the result of plaintiffs' failure to file a proof of loss form. However, the motion is denied to the extent that it seeks to limit defendant's introduction of evidence that plaintiffs did not sustain their burden of proving the quantity of their damages.

### e) USAA-CIC Check Payments

This portion of the motion is denied as moot; plaintiffs have withdrawn their objection to

defendant introducing the three checks at issue into evidence. (Doc. 102).

### f) Evidence of Kearney Loughlin Bearing Arms

Plaintiff's motion is granted to the extent that it seeks to exclude any evidence that Kearney Loughlin was wearing a holstered pistol during Christopher Schwartz's inspection of the property at 1202-1204 State Street in September 2005. Such evidence is not relevant.

### g) Character of USAA-CIC

Federal Rule of Evidence 608 permits a party to attack or bolster the credibility of a witness by evidence of opinion and reputation, but only when the evidence refers to character for truthfulness or untruthfulness and the evidence of truthful character is admissible only after the witness' character for truthfulness has been attacked by opinion or reputation evidence or otherwise. Rule 608 does not address the evidence as to the character of an entity such as USAA-CIC, only character evidence of a "witness." Therefore, the motion is granted.

New Orleans, Louisiana, this 27th day of March, 2008.

```
                                    STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT JUDGE
```