UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEARNEY SONIAT LOUGHLIN                                    CIVIL ACTION
AND TERRI B. LOUGHLIN,
INDIVIDUALLY AND ON BEHALF OF THEIR
MINOR CHILD SIDNEY SONIAT LOUGHLIN

VERSUS                                                     NO. 06-2339

USAA CASUALTY INSURANCE COMPANY,                           SECTION "K"(5)
DON PISONI, CHUCK COLLINS, AND
CHRISTOPHER SCHWARTZ

## ORDER AND OPINION

Before the Court is the "Motion in Limine" filed on behalf of defendant USAA Casualty Insurance Company ("USAA-CIC")(Doc. 74).  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

The Court makes the following rulings with respect to the following exhibits:

1. Plaintiffs' Exhibit B "USAA-CIC Renters Policy issued to Kearney Loughlin, effective December 3, 2005, to December 3, 2006."

Plaintiffs have indicated that they will not attempt to introduce this policy into evidence.[1] Accordingly, this portion of the motion in limine is denied as moot.

2. Plaintiffs' Exhibit C "The computer used by Christopher Schwartz, hard drive of same, or copy of same."

Plaintiffs concede that the computer used by Christopher Schwartz and its hard drive have been destroyed or that the hard drive has been erased.[2] Because the computer and hard drive

---

[1] Doc. 104, p. 7.

[2] Doc. 104, p.9.

are not available to be admitted as evidence at the trial, defendant's motion to exclude this evidence is denied as moot.

>   3. Plaintiffs' Exhibit D "USAA-CIC's Answer, Motions to Dismiss, and other pleadings filed by USAA-CIC in this matter."
>   Plaintiff s' Exhibit E "Plaintiffs' First Set of Interrogatories and USAA-CIC's Responses."
>   Plaintiffs' Exhibit F "Plaintiffs' First Request for Production of Documents and USAA-CIC's Responses."
>   Plaintiffs' Exhibit G "Plaintiffs' Second Request for Production of Documents and USAA-CIC's Responses."
>   Plaintiffs' Exhibit H "Plaintiffs' Third Request for Production of Documents and USAA-CIC's Responses."

The Court has previously held that the actual documents constituting Exhibits E, F, G, and H are not admissible but that the information in those documents can be used for impeachment purposes.[3] The same ruling applies to Plaintiffs' Exhibit D.

>   4. Plaintiffs' Exhibit CC "Claims handling directive from USAA's claims handling manual."

Plaintiffs must designate the specific portion of the USAA claims manual which they intend to introduce into evidence. If following that designation defendant continues to object to Exhibit CC, the defendant shall notify the Court.

>   5. Plaintiffs' Exhibit EE "The USAA Homeowners Policy issued to Estate of Regina D. Soniat in force and effect on August 29, 2005."

Defendant urges that the homeowners policy is irrelevant based on plaintiffs; statement in the petrial order that "[t]he only policy directly at issue in this case is the Renters Policy issued by defendant USAA-CIC."[4] Plaintiffs oppose defendant's attempt to exclude the policy contending that

---

[3] Doc. 68.

[4] Doc. 61, p. 5.

because Kearney Loughlin is an "insured"[5]  under that policy the homeowners policy is "other insurance" under the renters policy,  and therefore the homeowners policy constitutes "other insurance" withing the meaning of the renters policy. The "other insurance" provision of the renters policy provides that "[i]f there is insurance other than described above, payment under this policy will be prorated on the basis of the total amount of insurance applying to the loss."[6]  A *pro rata* clause in an insurance policy benefits the insurer by shifting the payment of some portion of the amount otherwise due under the policy to another insurance policy insuring the same risk.  The presence of an "other insurance" clause in an insurance policy which requires proration of the damage award on the basis of the total amount of the insurance applying to the loss does not increase the policy  limit on the policy containing the "other insurance" clause.  The renters policy had a $50,800 limit for personal property damages. USAA-CIC has tendered that amount to plaintiffs for their personal property damages.  Therefore, the "other insurance" clause is irrelevant to USAA-CIC, the only defendant in this case.  The Court notes that had the proration provision of the "other insurance" clause been applied by USAA-CIC, the payment to plaintiffs for damages sustained by their personal property would have been less than the amount actually tendered by USAA-CIC. The homeowner's policy is not relevant evidence.

Although the homeowner's policy is arguably relevant evidence on plaintiff's misrepresentation claims, it is the court's understanding that there is no dispute that the homeowners policy provides coverage for damage to personal property.  Therefore, the homeowners policy is not

---

[5] Regina Soniat, Kearney Loughlin's grandmother is the "named insured" under the homeowners policy.  That policy defines "insured" to include the named insured "and residents of your household who are . . . your relatives."

[6] Exhibit A.

admissible.

>    6. Plaintiffs' Exhibit BBB "CMR quote for slate roof."
> Plaintiffs' Exhibit CCC " CMR quote for synthetic slate roof."
> Plaintiffs' Exhibit III "Mortenson Roofing quote for slate roof."
> Plaintiffs' Exhibit JJJ "Mortenson Roofing quote for synthetic slate roof."
> Plaintiffs' Exhibit KKK "Greentree quote for asphalt shingle roof on house."
> Plaintiffs' Exhibit LLL "Greentree quote for asphalt shingle roof on outhouse."
> Plaintiffs' Exhibit Q "Kearney S. Loughlin's November 23, 2005 letter to USAA Claims with enclosed Mortenson Roofing Estimates."
> Plaintiffs' Exhibit S "Kearney S. Loughlin's December 16, 2005 letter to Don Pisoni."
> Plaintiffs' Exhibit W "Kearney S. Loughlin's December 22, 2005 letter to Don Pisoni"

Testimony of Christian Larson

Defendant contends that Exhibits BBB, CCC, III, JJJ, KKK, and LLL, which are estimates for roof repairs submitted in connection with the claims made under the homeowners policy, are not relevant to plaintiffs' claims for damage to their contents or to plaintiffs' claim for additional living expenses. The Court disagrees. The condition of the roof is relevant evidence on the issue of whether the Loughlins' residence was uninhabitable following Hurricane Katrina, and the roof estimates are relevant evidence of the condition of the roof. The estimates are admissible.

Additionally, the pretrial order lists as a contested issue of fact "[w]hether the Loughlin's mitigated their damages."[7] The roof estimates are also relevant to the issue of the whether plaintiffs attempted to mitigate their damages as they are evidence of when plaintiffs acted to mitigate their damages and what steps they took to protect their property from additional damage.

USAA-CIC also moves to exclude from evidence several letters written by Kearney Loughlin to USAA claims personnel. Exhibit Q, the November 23, 2005, letter, describes the need to "put a new roof on the house immediately to stop the ongoing damage, minimize further losses, and begin

---

[7] Doc. 61, p. 13.

4

to return the house to a habitable condition." The letter is relevant to the issue of whether the Loughlins attempted to mitigate their damages. While a great deal of Exhibit S, Kearney Loughlin's December 16, 2005, letter to Don Pisoni, is not relevant to any issue pending before the Court and is therefore inadmissible, paragraph 3 details Mr. Loughlin's efforts to mitigate his damages, i.e, having a tarp installed on the roof and installing a new roof. Paragraph 3 of Exhibit S is admissible. Plaintiff is ordered to redact Exhibit S to include only paragraph 3. Exhibit W, Kearney Loughlin's December 22, 2005 letter to Don Pisoni, is simply a request for payment for the new roof. It is not relevant to any pending issue. Defendant's motion in limine is granted as to Exhibit W.

Testimony of Christian Larson is relevant to the extent that it provides information concerning the habitability of the Loughlins' home and is therefore relevant to the claim for additional living expenses or addresses plaintiffs' efforts to mitigate their damages. Having reviewed the transcript of the testimony of Christian Larson sought to be admitted by plaintiffs, the Court excludes the following testimony by Mr. Larson:

> Page 6, Lines 2-23;
> Page 9, Lines 16-32;
> Page 13, Lines 15-19;
> Page 15, Lines 3-32; and
> Page 16, Lines 1-32.

7. Plaintiffs' Exhibit T "Kearney S. Loughlin's December 19, 2005 letter to Chris Schwartz with enclosed Tim Greentree Construction proposals."

USAA-CIC objects to paragraph 2 of the letter. In paragraph 2 Mr. Loughlin states that he is "putting a roof on the house in order to protect the house and contents from further damage while I wait for USAA to tender the cost of an adequate replacement for the old roof." Because paragraph 2 is relevant to the issue of whether plaintiffs acted to mitigate their damages it is

5

admissible.

    8. Plaintiffs' Exhibit U "Kearney S. Loughlin's December 19, 2005 letter to Chris Schwartz (without enclosures)"

Defendant seeks to exclude the second paragraph of this letter in which Mr. Loughlin requests that USAA provide him with a copy of the policy provision it relied upon to deny coverage under the homeowners policy for three refrigerators, a freezer, and three ceiling fans. Paragraph 2 does not include relevant evidence. USAA-CIC's motion in limine is granted as to the second paragraph of Exhibit U; plaintiffs are ordered to redact Exhibit U to delete the second paragraph.

    9. Plaintiffs' Exhibit R "Kearney S. Loughlin's December 6, 2005 letter to Chris Schwarz."

Defendant objects to footnote 1 of the letter. In that footnote Kearney Loughlin notes his prior requests of USAA to provide him with a certified copy of the homeowners policy. The fact that Mr. Loughlin made "numerous" requests to USAA for a copy of the homeowners policy is not relevant evidence. The motion in limine is granted as to footnote 1 in Exhibit R. Plaintiff is ordered to redact Exhibit R to delete footnote 1.

    10. Plaintiffs' Exhibit GG "The Chuck Collins appraisal of damage to the Loughlins' home."
Plaintiffs' Exhibit NNN ""Initial report    from USAA with D. Pisoni's    handwritten notes."
Plaintiffs' Exhibit DDD "Chuck Collins' e-mail to Christian Larson regarding inspection roofs."
Plaintiffs' Exhibit EEE "Christian Larson's email to Chuck Collins regarding status of roofs he inspected."
Plaintiffs' Exhibit FFF "Christian Larson's diagram of the roof."
Plaintiffs' Exhibit GGG  "Chuck Collons' altered diagram of the roof."
Plaintiffs' Exhibit HHH  "Christian Larson's photographs (two pages)."
 Plaintiffs' Exhibit VV "The USAA-Allcat Independent Adjuster's Service Agreement."

  Witness Chuck Collins

Given the dismissal of plaintiffs' claims against Chuck Collins, the Court finds that none of the exhibits listed in No. 10 are relevant evidence as to any of plaintiffs' remaining claims.

Moreover, the Court notes that plaintiffs have not offered in their "Memorandum in Opposition to Defendant's Motions in Limine"[8] any basis for admitting those exhibits. Therefore, the Court grants defendant's motion in limine to the extent that it seeks an order declaring Plaintiffs' Exhibits FF, NNN, DDD, EEE, FFF, GGG, HHH, and VV inadmissible.

Turning to the testimony of Chuck Collins, it is undisputed that Mr. Collins was not the USAA adjuster who handled plaintiffs' claims for damage to their personal property. Plaintiffs have not offered any explanation as to why Mr. Collins's testimony would be relevant to their remaining claims. The Court concludes that none of Mr. Collins proffered testimony is probative on the issues of additional living expenses or the damage sustained by the Loughlins' personal property. Therefore none of Mr. Collins testimony is admissible. Moreover, even if his testimony were relevant, it is cumulative of other testimony. Accordingly, the Court grants the defendant's motion to exclude the testimony of Chuck Collins.

11. Plaintiffs' Exhibit HH "The Wesley Barber appraisal of the damage to the Loughlins' house."

Testimony by Wesley Barber

Defendant urges that Mr. Barber's appraisal of the damage to the Loughlins' house, as well as the testimony of Wesley Barber, is not relevant because Mr. Barber was not the personal property adjuster on plaintiffs' loss. Plaintiffs have a claim for additional living expenses under the renters policy. To the extent that Mr. Barber's testimony addresses structural damages which affected the habitability of the Loughlin's home, it is relevant to plaintiffs' claim for additional living expenses and is admissible. Mr. Barber will not be permitted to testify concerning issues other than

---

[8] Doc. 104

the structural damage to and the habitability of the Loughlin's home; his testimony is admissible only to the extent that it provides information relevant to the claim for additional living expenses. Accordingly, having reviewed the transcript of Mr. Barber's testimony sought to be introduced by plaintiffs, the Court hereby excludes the following portions of the testimony:

>Page 3, Lines 30-32;
>Page 4, All Lines;
>Page 5, Lines 1-10;
>Page 11, Lines 1-21;
>Page 18, Lines 6-32;
>Page 19, Lines 1-3;
>Page 23, Lines 19-32;
>Page 24, Lines 1-32;
>Page 25, Lines 1-19;
>Page 31, Lines 13-17.

For the same reasons stated above, Mr. Barber's damage appraisal is relevant evidence with respect to the additional living expense claim.

12. Plaintiffs' Exhibit OOO "Millennium Carpet Care Invoice"

Defendant acknowledges that the challenged invoice represents a charge for spraying mildewcide in the attic and throughout the house. The invoice is relevant to the issue of whether the house was habitable following Hurricane Katrina and as such is relevant to plaintiffs' claim for additional living expenses.

13. Plaintiffs' Exhibit PPP "Eric's Horticultural Services Invoice"

The parties agree that this invoice represents charges for debris removal from the property following Hurricane Katrina. To the extent that debris on the property rendered the house uninhabitable, the invoice is relevant to the plaintiffs' claim for additional living expenses and is admissible.

14. Plaintiffs' Exhibit QQQ "The March 3, 2008, letter from Timothy G. Schafer to Kearney

   S. Loughlin"

  The Court has previously held that this letter is not admissible in an Order and Opinion signed March 28, 2008.

  15. Plaintiffs' Exhibit WW "The report of Greg Rogers regarding damaged electrical systems, ceilings, and walls in the Loughlin's home."

   Testimony by Greg Rogers

  Evidence concerning damage to the electrical systems, ceilings, and walls of the Loughlins' home is relevant to whether plaintiffs' home was uninhabitable after the storm so as to trigger plaintiffs' entitlement to additional living expenses.  Therefore, plaintiffs' Exhibit WW as well as the testimony of Greg Rogers is admissible.

  16. Plaintiffs' Exhibit MMM "David Murphy Builder's quote for interior repairs."

  Defendant contends that this quote for interior repairs, which was obtained in January 2006, is not relevant to plaintiffs' claim for additional living expenses because Kearney Loughlin has previously testified that "you could live in the house as of December 19 [2005]."  Plaintiffs' "Memorandum in Opposition to Defendant's Motions in Limine" does not challenge defendant's contention regarding this exhibit, nor does it offer any basis for admitting the exhibit.  Therefore, defendant's motion in limine is granted as to Exhibit MMM.

  17. Plaintiffs' Exhibit RRR "The Superior Aire invoice for $1,240.00. . . ."

  As noted previously, the pretrial order lists as a contested issue of fact "[w]hether the Loughlin's mitigated their damges."  Plaintiffs contend that this exhibit is relevant to the issue of mitigation  because the invoice represents charges for water removal.  Based on that representation, the exhibit is relevant and admissible.

18. Testimony of Timothy Greentree
    Testimony of Timothy G. Schafer

In the pretrial order plaintiff describes Mr. Greentree's testimony stating "Mr. Greentree may testify to his contact and conversation with Timothy Schafer."[9] Mr. Schafer had a conversation with Mr. Greentree, who installed the roof on the Soniat house, during which Mr. Greentree alleges that Timothy Schafer represented that he was a member of a group of attorneys investigating price gouging. Mr. Schafer denies making such a representation.

Defendant urges that testimony of that conversation is irrelevant. Plaintiff has not offered any basis for the admission of Mr. Greentree's testimony concerning his conversation with Mr. Schafer. The Court grants defendant's motion in limine to exclude the testimony of Mr. Greentree.

Defendant also seeks to exclude any testimony by Mr. Schafer concerning his conversation with Mr. Greentree. Because plaintiff has offered no explanation for why such testimony by Mr. Schafer would be admissible, the Court grants defendant's motion in limine to the extent that it seeks to prohibit testimony by Mr. Schafer concerning his conversation with Mr. Greentree.

19. Plaintiffs' Exhibit KK "Photograph of the damaged floor, ceiling, personal property, and cleaning and repair supplies in the Loughlins' home.

USAA-CIC urges that photographs of damage to the main dwelling, as opposed to the apartment where the Loughlins lived, and photographs of any furniture or fixtures in the main dwelling are not relevant to plaintiffs' claims under the Renters policy. Plaintiff has offered no basis for admitting photographs of either the main dwelling or the furniture or fixtures in the main dwelling. Therefore, the defendant's motion is granted to the extent that it seeks to exclude photographs of the main dwelling or items in the main dwelling.

---

[9] Doc. 61, p. 31.

Applicability of Texas Law

Defendant's motion seeks a ruling that Texas law is inapplicable in this case. This issue is moot; plaintiffs have acknowledged that all claims remaining in this case are governed by Louisiana.

New Orleans, Louisiana, this 28th day of March, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE