UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEARNEY SONIAT LOUGHLIN**  **CIVIL ACTION**
**AND TERRI B. LOUGHLIN,**
**INDIVIDUALLY AND ON BEHALF OF THEIR**
**MINOR CHILD SIDNEY SONIAT LOUGHLIN**

**VERSUS**  **NO. 06-2339**

**USAA CASUALTY INSURANCE COMPANY,**  **SECTION "K"(5)**
**DON PISONI, CHUCK COLLINS, AND**
**CHRISTOPHER SCHWARTZ**

## ORDER AND OPINION

Defendant USAA Casualty Insurance Company filed a document entitled "Witness Listed by Prior Testimony" (Doc. 86), in which it identifies those portions of the sworn testimony of Jeanine Templeton given on September 6, 2006, in *Regina Soniat Talton, Succession of Regina De. Soniat, Sydney Loughlin Clarke, and Kearney Soniat Loughlin, et al v. USAA Casualty Insurance Company, United Services Automobile Associations, Chuck Collins, and Don Pisoni, No. 2005-12956 Civil District Court for the Parish of Orleans* which USAA Casualty Insurance Company proposes to read to the jury in this case. Plaintiffs object to various portions of the testimony. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, makes the following rulings with respect to the following portions of the testimony:

1. Page 45, Line 29 - Page 46, Line 26.    Plaintiff's objection is overruled; the testimony provides relevant information concerning Ms. Templeton's training.

2. Page 47, Lines 15 - 19.  The objection is overruled.

3. Page 47, Line 30 - Page 48, Line 8.  Plaintiffs' objection is sustained; the Court has

previously held that testimony concerning Mr. Loughlin's wearing of a gun during the home inspection is inadmissible. See Doc. 105, p. 4.

    4.  Page 48, Line 14 - Page 49, Line 7 and Page 51, Line 25 - Page 52, Line 21.  Plaintiffs' objection is overruled; the evidence is relevant.

    5.  Page 49, Line 17 - Page 50, Line 12.  Plaintiff's objection is sustained; Ms. Templeton's testimony concerning Christopher Schwartz's statement about what Kearney Loughlin had told him is inadmissible hearsay.

Except as noted herein above, the remainder of Ms. Templeton's testimony on page 45, line 29 - page 50, line 17 is admissible.

Defendant objects to the plaintiffs reading to the jury Ms. Templeton's testimony on page 50, line 18 - page 51, line 24, contending that the testimony, which relates to USAA's policy regarding damaged refrigerators, is irrelevant because the testimony pertains to plaintiffs' claim for refrigerators under the homeowners policy, not the renters policy, the policy at issue in this suit. Plaintiffs urge that the testimony is relevant to their misrepresentation claim against Mr. Schwartz as well as their claim that there was a breach of the duty of good faith and fair dealing with respect to the handling of the refrigerator and freezer claims.  The testimony has some relevance to the issue of whether the policy provides coverage for damaged refrigerators.  Therefore, the testimony on page 50, line 18 - page 51, line 24 is admissible.

New Orleans, Louisiana, this 1st day of April, 2008.

                                          STANWOOD R. DUVAL, JR.
                                          UNITED STATES DISTRICT JUDGE